UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*(Filed Electronically)*

| | | |
|---|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) | |
| Plaintiffs | ) ) | CASE NO. 3:10-mc-14-H |
| v. | ) ) | Case No. 08-cv-06324-PAM-AJB United States District Court |
| MEDTRONIC, INC., ARTHUR D. COLLINS, WILLIAM A. HAWKINS, III and GARY ELLIS | ) ) ) ) | District of Minnesota |
| Defendants. | ) ) | |

**OBJECTIONS TO
PLAINTIFF'S SUBPOENA AND MOTION QUASH**

COMES NOW Mitchell J. Campbell, M.D., Rolando M. Puno, M.D. and Mladen Djurasovic, M.D. (the "Physicians"), by and through their undersigned counsel, and for their Objections to Minneapolis Firefighters' Relief Association ("Plaintiff") Subpoena Directed to the Physicians pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby states as follows:

**GENERAL OBJECTIONS**

1.   The Physicians and their partners have sold the practice group that originally contracted with Medtronic to Norton Hospital. Norton Hospital now has possession, custody, and control of the requested documents rather than the individual physicians subpoenaed.

2.   The Physicians invoke any and all protections of any protective orders already entered in this case, and should the Physicians be compelled to produce any of the documents

1

requested by Plaintiff's subpoena, the Physicians hereby respectfully request that a protective order be entered by the issuing court to protect the Physicians from the significant expense associated with the copying and production of the requested documents. See, Standard Chlorine of Delaware, Inc. v. Sinibaldi, 821 F.Supp. 232, 263 (D.Del. 1992) ("any order requiring [the non-party subject to the subpoena] to comply with the subpoena must also require that [non-party]…be 'protected from significant expense' in producing the required documents"); Israel v. Carpenter, 2002 U.S. Dist. LEXIS 11792, *3-4 (S.D.N.Y June 28, 2002) ("Enforcement of the subpoenas shall, however, be conditioned upon payment by the plaintiffs of the reasonable costs of production and copying incurred by the non-parties. This cost-shifting is warranted both by the fact that the non-parties have no stake in this litigation and by the broad nature of the subpoenas issued by the plaintiffs.").

3.  The Physicians object to Plaintiff's subpoena to the extent that the Definitions and Rules Of Construction for Production contained therein are overbroad, unclear, and impose obligations beyond those set forth in Fed. R. Civ. P. 45 and all other applicable rules.

4.  The Physicians object to Plaintiff's subpoena to the extent that it seeks documents that are protected by the attorney-client privilege, the attorney work product doctrine, the physician-patient privilege and/or that constitute confidential health information protected by Federal and State laws (e.g. HIPAA, FHQIA, etc.), regulations and rules.

5.  The Physicians object to Plaintiff's subpoena to the extent it seeks confidential and/or proprietary information.

6.  The Physicians object to Plaintiff's subpoena because Plaintiff has not taken reasonable steps to avoid imposing an undue burden and/or expense on the Physicians, non-parties to the instant lawsuit. Concern for the unwanted burden thrust upon non-parties is a

factor entitled to special weight when determining whether to compel the production of documents, particularly when the requested documents maybe obtained through other means. <u>Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter No. 2</u>, 197 F.3d 922, 927 (8th Cir. 1999). Here, Plaintiff's subpoena seeks documents relating to virtually every interaction between the Physicians and Medtronic, Inc. for a period of more than four years, even though most of the requested documents could be obtained from Medtronic, a party to the instant lawsuit.  <u>Discovery has not even begun</u> in the Plaintiff's underlying case.  Answers of the Defendants are not even due until July 30, 2010.  (See attached documents from underlying case entitled "Stipulation" dated April 30, 2010, and "Order" dated May 10, 2010 marked as Exhibits 1 and 2 respectively.)  The Physicians should not be required to locate, review, and produce documents that will likely be duplicative of documents in Medtronic's possession, custody and control.

7.     The Physicians object to the harassing nature of Plaintiff's subpoena insofar as Plaintiff has apparently (from the language in paragraph 2 of the Stipulation, Exhibit 1 hereto) subpoenaed other Medtronic's customers around the country for similar documents.  Plaintiff's request for such detailed documentation from other Medtronic's customers indicates that Plaintiff's subpoenas were only intended to harass Medtronic's customers in an effort to encourage Medtronic to settle the instant lawsuit.

8.     The Physicians expressly reserve the right to supplement their responses to Plaintiff's subpoena in accordance with the governing rules.

## DOCUMENTS SUBPOENAED

1. All documents relating to the design, development, safety, use, marketing, promotion and/or sale of INFUSE, whether provided by Medtronic or obtained from another source.

**RESPONSE:** The Physicians objects to this request on the grounds that it is overly broad in time and scope and unduly burdensome and on the grounds that it is vague and ambiguous as to the terms "all documents relating to" and "from another source". The Physicians further object to this request to the extent it seeks documents that are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Physicians further object to this request to the extent it seeks documents outside of their possession, custody or control and to the extent that the requested documents are duplicative of documents in the possession, custody and/or control of Medtronic. Moreover, the Physicians object to this request on the grounds that the information sought is confidential and proprietary. The Physicians reserve their right to update and supplement their objections to the burdensome nature of Plaintiff's subpoena.

2. All document relating to Medtronic's Safety Alert letter to physicians and surgeons dated on or about September 14, 2004 regarding complications associated with the use of INFUSE

**RESPONSE:** The Physicians objects to this request on the grounds that it is overly broad in time and scope and unduly burdensome and on the grounds that it is vague and ambiguous as to the term "all documents relating to". The Physicians further object to this request to the extent it seeks documents that are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The Physicians further object to this request to the extent it seeks documents outside of their possession, custody or control and to the extent that the requested documents are duplicative of documents in the possession, custody and/or control of Medtronic. Moreover, the Physicians object to this request on the grounds that the information sought is confidential and proprietary. The Physicians reserve their right to update and supplement their objections to the burdensome nature of Plaintiff's subpoena.

3. All documents relating to the FDA's Public Health Notification issued on or about July 1, 2008, entitled "Life-threatening Complications Associated with Recombinant Human Bone Morphogenetic Protein in Cervical Spine Fusion."

**RESPONSE:**  The Physicians objects to this request on the grounds that it is overly broad in time and scope and unduly burdensome and on the grounds that it is vague and ambiguous as to the term "all documents relating to".  The Physicians further object to this request to the extent it seeks documents that are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  The Physicians further object to this request to the extent it seeks documents outside of their possession, custody or control and to the extent that the requested documents are duplicative of documents in the possession, custody and/or control of Medtronic.  Moreover, the Physicians object to this request on the grounds that the information sought is confidential and proprietary.  The Physicians reserve their right to update and supplement their objections to the burdensome nature of Plaintiff's subpoena.

4.     All documents relating to any complications or adverse events associated with use of INFUSE in any procedure, whether or not performed by You.

**RESPONSE:**  The Physicians objects to this request on the grounds that it is overly broad in time and scope and unduly burdensome and on the grounds that it is vague and ambiguous as to the terms "all documents relating to" and "You".  The Physicians further object to this request to the extent it seeks documents that are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  The Physicians further object to this request to the extent it seeks documents outside of their possession, custody or control and to the extent that the requested documents are duplicative of documents in the possession, custody and/or control of Medtronic.  Moreover, the Physicians object to this request on the grounds that the information sought is confidential and proprietary.  The Physicians reserve their right to update and supplement their objections to the burdensome nature of Plaintiff's subpoena.

5.     All documents relating to any investigation, trial or study of INFUSE, whether sponsored by Medtronic or a third party, clinical or nonclinical, pre-FDA approval or post-FDA approval, for approved indications or unapproved indications, public or non-public, completed or not completed, published or unpublished, in which You participated in any capacity.

**RESPONSE:**  The Physicians objects to this request on the grounds that it is overly broad in time and scope and unduly burdensome and on the grounds that it is vague and ambiguous as to the terms "all documents relating to" and "or a third party" and "You".  The Physicians further object to this request to the extent it seeks documents that are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  The Physicians further object to this request to the extent it seeks documents outside of their possession, custody or control and to the extent that the requested documents are duplicative of documents in the possession, custody and/or control of Medtronic.  Moreover, the Physicians object to this request on the grounds that the information sought is confidential and proprietary.

The Physicians reserve their right to update and supplement their objections to the burdensome nature of Plaintiff's subpoena.

6. All communications with any medical or scientific journal or other publication relating to INFUSE.

**RESPONSE:**  The Physicians objects to this request on the grounds that it is overly broad in time and scope and unduly burdensome and on the grounds that it is vague and ambiguous as to the terms "all communications" and "or other publication".  The Physicians further object to this request to the extent it seeks documents that are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  The Physicians further object to this request to the extent it seeks documents outside of their possession, custody or control and to the extent that the requested documents are duplicative of documents in the possession, custody and/or control of Medtronic.  Moreover, the Physicians object to this request on the grounds that the information sought is confidential and proprietary.  The Physicians reserve their right to update and supplement their objections to the burdensome nature of Plaintiff's subpoena.

7. All documents relating to any visits You have made to any Medtonic facility, or training, marketing or any other types of programs concerning INFUSE You have attended or participated in.

**RESPONSE:**  The Physicians objects to this request on the grounds that it is overly broad in time and scope and unduly burdensome and on the grounds that it is vague and ambiguous as to the terms "all documents relating to" and "You".  The Physicians further object to this request to the extent it seeks documents that are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  The Physicians further object to this request to the extent it seeks documents outside of their possession, custody or control and to the extent that the requested documents are duplicative of documents in the possession, custody and/or control of Medtronic.  Moreover, the Physicians object to this request on the grounds that the information sought is confidential and proprietary.  The Physicians reserve their right to update and supplement their objections to the burdensome nature of Plaintiff's subpoena.

8. All documents relating to any services You performed for or on behalf of Medtronic concerning INFUSE, including all communications with Medtronic regarding INFUSE, any engagement letters, retention agreements and/or contracts, invoices, receipts,

billing statements or records of payment, calendars, diaries, logs or appointment books and all documents relating to public appearances, speeches, interactions with the media and other medical professionals or institutions, and scientific articles and study, whether or not such articles or studies were ultimately published.

**RESPONSE:**  The Physicians objects to this request on the grounds that it is overly broad in time and scope and unduly burdensome and on the grounds that it is vague and ambiguous as to the terms "all documents relating to" and "You".  The Physicians further object to this request to the extent it seeks documents that are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  The Physicians further object to this request to the extent it seeks documents outside of their possession, custody or control and to the extent that the requested documents are duplicative of documents in the possession, custody and/or control of Medtronic.  Moreover, the Physicians object to this request on the grounds that the information sought is confidential and proprietary.  The Physicians reserve their right to update and supplement their objections to the burdensome nature of Plaintiff's subpoena.

9.      All documents provided by You pursuant to any inquiry, investigation or litigation by a U.S. or foreign government or administrative authority concerning Medtronic's marketing, promotion and/or sale of INFUSE.

**RESPONSE:**  The Physicians objects to this request on the grounds that it is overly broad in time and scope and unduly burdensome and on the grounds that it is vague and ambiguous as to the terms "all documents" and "You".  The Physicians further object to this request to the extent it seeks documents that are not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  The Physicians further object to this request to the extent it seeks documents outside of their possession, custody or control and to the extent that the requested documents are duplicative of documents in the possession, custody and/or control of Medtronic.  Moreover, the Physicians object to this request on the grounds that the information sought is confidential and proprietary.  The Physicians reserve their right to update and supplement their objections to the burdensome nature of Plaintiff's subpoena.

Respectfully submitted,


/s/     A. Courtney Guild, Jr.
A. Courtney Guild, Jr.
Edward L. Schoenbaechler
Hall, Render, Killian, Heath & Lyman, P.S.C.
614 West Main Street, Suite 4000
Louisville, Kentucky 40202
Ph:  (502) 568-1890
Fax:  (502) 568-4878
cguild@hallrender.com
eschoenbaechler@hallrender.com

*Counsel for Mitchell J. Campbell, M.D., Rolando M. Puno, M.D. and Mladen Djurasovic, M.D.*


## CERTIFICATE OF SERVICE

On July 27th, 2010, I electronically filed this document through the ECF system, which I sent a notice of electronic filing and this Objection to the following by U.S. regular mail, postage prepaid to:


Michael Blatchley
Bernstein, Litowitz, Berger & Grossmann, LLP
1285 Avenue of the Americas
New York, New York  10019


/s/    A. Courtney Guild, Jr.
*Counsel Mitchell J. Campbell, M.D., Rolando M. Puno, M.D. and Mladen Djurasovic, M.D.*


981166-v2